# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HAROLD WILLIAM FEARS,**

  **Plaintiff,**

  v.

**MEDICREDIT, INC., et al.,**

  **Defendants.**

Case No. 2:18-CV-02473-JAR-TJJ

## **MEMORANDUM & ORDER**

Plaintiff Harold William Fears, proceeding *pro se* and *in forma pauperis*, filed this case against Defendants Medicredit, Inc. and Elizabeth Darden on August 31, 2018. He alleges violations of the Fair Debt Collection Practices Act ("FDCPA").[1] This case is before the Court on Defendant Elizabeth Darden's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) under Fed. R. Civ. P. 12(b)(2). For the reasons explained in detail below, the Court lacks both general and specific personal jurisdiction over Darden, and grants Darden's motion to dismiss.

**I.**   **Legal Standard**

Plaintiff has the burden of establishing personal jurisdiction over Defendant.[2] In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[3] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[4] Allegations in a complaint are accepted as true if they

---

[1] 15 U.S.C. § 1692.

[2] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[3] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[4] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. &*

are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[5] At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence. When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[6] The court resolves all factual disputes in favor of the plaintiff.[7] Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[8] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[9]

Because Plaintiff Fears proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[12]

---

*Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[5] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[6] *Pytlik*, 887 F.2d at 1376.

[7] *Dudnikov*, 514 F.3d at 1070.

[8] *Behagen*, 744 F.2d at 733.

[9] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[10] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[11] *Id.*

[12] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277

**I.     Factual Background**

Drawing all reasonable inferences in favor of Plaintiff, the following relevant facts are taken from the Complaint and attached exhibits, and the exhibits attached to the parties' briefs. The Court does not consider any general or conclusory allegations unsupported by affidavits or other evidence, and has resolved all factual disputes in Plaintiff's favor.

Plaintiff alleges that "[1] Medicredit, Inc. has failed to provide notice of collection. [2] After being notified that I had paid the original creditor fail [sic] to remove all entries from all three credit bureau's. [3] The entries to my credit report are on it's [sic] face value mis-leadig [sic]."[13] Plaintiff presented his claims to the Consumer Financial Production Bureau ("CFPB") and Better Business Bureau ("BBB"), however those administrative proceedings were "unsuccessful."[14] Plaintiff's Complaint states that both Defendants are citizens of Missouri, residing at 3 Cityplace Dr. Ste 690 Saint Louis, MO 63141.[15]

In his CFPB complaint, Plaintiff states that he contacted Mr. Leon Odom at Medicredit, Inc. regarding his complaint: "Mr. Odom informed me that he would look into the matter, and that he was forwarding my information to his Compliance Officer Ms. Elizabeth Darden."[16] His complaint further states "I received a phone call from Mr. Odom stating that Ms. Elizabeth Darden after reviewing the documentation provided intentionally choose [sic] not to remove the entries to my credit reports."[17] Plaintiff concedes that he had no direct contract with Darden, but

---

(10th Cir. 1994) (insisting that pro se litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[13] Doc. 1 at 3.

[14] *Id.* at 5.

[15] *Id.* at 2.

[16] Doc. 1-1 at 1–2.

[17] *Id.*

3

contends that Darden is (1) listed in the Medicredit BBB profile and Kansas is listed as one of the areas in which Medicredit conducts business; (2) Darden was forwarded his complaint, therefore making her an active party to his financial injury; and (3) the individual with whom Plaintiff interacted, Marti Saunders, took direction from her compliance officer, which was Darden.

In her Affidavit, Darden states (1) that she is an adult person over the age of 18 currently living and working in Madison County, Illinois; (2) she does not transact any business in Kansas; (3) she does not own or use real estate located in Kansas; (4) she does not contract to insure any person, property, or risk located in Kansas; (5) she does not have any express or implied contracts with a resident of Kansas that are to be performed in Kansas; (6) she is not a director, manager, trustee or other officer of any corporation organized under the laws of or having a place of business in Kansas nor is she an executor or administrate of any estate in Kansas; (7) she has no direct or regular conduct or communications to Kansas, has no office in Kansas, and has never done business in Kansas; and (8) she had no contact or communication at any time with Plaintiff and at no time had knowledge of Plaintiff's state of residence.[18]

**II.   Discussion**

In determining whether a federal court has personal jurisdiction over a defendant in a case involving a federal question, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[19]  First, the FDCPA does not

---

[18] Doc. 6-1.

[19] *Dudley v. N. Cent. Reg'l Office*, No. 09-2027-JWL, 2009 WL 2914104, at *2 (D. Kan. Sept. 8, 2009) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).

confer nationwide service of process in this case.[20] Thus, personal jurisdiction must be established under the Kansas long-arm statute, K.S.A. 60-308(b).[21]

The Kansas long-arm statute is liberally construed to assert personal jurisdiction to the full extent permitted by the due process clause of the Constitution.[22] "Due process requires 'minimum contacts' between the nonresident defendant and the forum state."[23] "Minimum contacts" may be established in two ways, resulting in either specific or general jurisdiction. The court may "assert specific jurisdiction over a nonresident defendant if the defendant has 'purposefully directed' its activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[24] "When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state."[25]

General jurisdiction imposes a more stringent standard than specific jurisdiction. In *Goodyear* and *Daimler AG* the Supreme Court held that to establish general jurisdiction, the defendant's contacts with the forum must be "*so* 'continuous and systematic' as to render [it] *essentially at home* in the forum State."[26] Finally, even if a defendant's minimum contacts with the forum state are established, the court still must consider whether "the exercise of personal

---

[20] *Riddle & Assocs., P.C. v. Morcos*, No. 2:06CV972, 2007 WL 2061054, at *3 (D. Utah July 12, 2007).

[21] *Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C.*, 186 F. Supp. 2d 1158, 1161 (D. Kan. 2002).

[22] *Van Deelen v. City of Kan. City, Mo.*, No. 05-2028, 2006 WL 1301000, at *3 (D. Kan. May 9, 2006).

[23] *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[24] *Rainy Day Books*, 186 F. Supp. 2d at 1161 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[25] *Id.*

[26] *See Daimler AG v. Brauman,* 571 U.S. 117, 138 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (emphasis added); *see also Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Can., Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *Goodyear*, 131 S. Ct. at 2851).

jurisdiction over defendant would offend traditional notions of 'fair play and substantial justice.'"[27]

In the present case, Plaintiff has not established specific or general jurisdiction over Darden. Plaintiff has articulated no instance where Darden "purposefully directed" her activities toward Kansas. Indeed, the singular contact Darden had with Kansas was unintentional and indirect, namely, Plaintiff's CFPB complaint was forwarded to and considered by Darden. "The purposeful direction requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person.'"[28] Here, it was indeed random that a Kansas resident's complaint was forwarded to a compliance officer in Illinois. Darden never spoke or communicated with Plaintiff and never had knowledge of Plaintiff's residence.[29] Plaintiff has not articulated any action of Darden in which she purposefully directed her activities toward Kansas or one of its residents. Accordingly, the Court does not have specific jurisdiction over Darden.

Further, Plaintiff has alleged no contacts that would make Darden "essentially at home" in Kansas; her sole contact with Kansas is indirect, though her consideration of Plaintiff's CFPB complaint.[30] Darden lives and works in Illinois, does not advertise in Kansas, does not have any regular contact with Kansas or its residents, and is not an officer or director of any corporation that does business in Kansas.[31] Therefore, the Court does not have general jurisdiction over

---

[27] *Rainy Day Books*, 186 F. Supp. 2d at 1161 (quoting *Burger King*, 471 U.S. at 476).

[28] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904–05 (10th Cir. 2017) (quoting *Burger King*, 471 U.S. at 475.

[29] Doc. 6-1 ¶ 8.

[30] *See Daimler*, 571 U.S. at 138 (quoting *Goodyear*, 564 U.S. at 919).

[31] Doc. 6 ¶¶ 3, 4, 5–8, 7.

Darden.  Because Darden does not have minimum contacts with Kansas, the Court may not exercise personal jurisdiction over Darden, and thus the Court grants Darden's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is **granted**.  Defendant Darden is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: December 20, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
